# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROMNENCE APARTMENTS,<br><br>                          Plaintiff,<br>vs.<br><br>GREGORY HAGENAH and MARIA HAGENAH,<br><br>                        Defendants. | CASE NO. 13-cv-2875-H (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 3] |

       On July 24, 2013, Plaintiff Promnence Apartments filed a motion to remand the case to state court. (Doc. No. 3.) To date, Defendants Gregory and Maria Hagenah have not filed a response in opposition. A hearing on the motion is currently scheduled for February 18, 2013 at 10:30 a.m. The Court, pursuant to its discretion under Local Civil Rule 7.1(d)(1), concludes that resolution of the motion does not require oral argument. The Court therefore vacates the scheduled hearing and submits the motion on the parties' papers. The Court grants Plaintiff's motion and remands the case.

## Background

       On August 30, 2013, Plaintiff filed an unlawful detainer action against Defendants in the Superior Court of the State of California for the County of San Diego. (Doc. No. 1-1, Ex. A, Compl. at 6.) The complaint alleges that Plaintiffs leased a residence to the Defendants commencing March 1, 2013; that Defendants failed to

stay current on monthly rental payment for the period August 1, 2013 to September 1, 2013; that Plaintiff caused Defendants to be served with a written notice to pay the amount due or vacate the premises; and that Defendants neither payed the amount due nor vacated. (Id. ¶¶ 4-10.) On December 3, 2013, Defendant Gregory Haganah, proceeding pro se, purported to remove the case to federal court based on federal question jurisdiction and under the civil rights removal statute. (Doc. No. 1, Notice of Removal.)

**Discussion**

**I. Motion to Remand**

Federal courts are courts of limited jurisdiction. United States v. Mark, 530 F.3d 799, 810 (9th Cir. 2008). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region, 558 U.S. 67, 84 (2009).

Only cases that would have had original jurisdiction in a federal district court may be removed from state court. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Provincial Gov't v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper' and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). The district court must remand if it lacks jurisdiction over the removed case. See Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998).

Federal courts may only exercise federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where there is no diversity of citizenship between the parties, a "defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8 (1983). Potential defenses or counterclaims under federal law do not give rise to removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 60-61 (2009) ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction.") The removal statute also gives a right of removal to a state-court defendant who cannot enforce a specified federal right in the state court. 28 U.S.C. § 1443(1).[1] "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Greenwood v. Peacock, 384 U.S. 808, 828 (1966).

**II. Analysis**

Plaintiff moves for remand on the grounds that the underlying action is not a civil rights case but a state law unlawful detainer action, and that the Court therefore

---

[1]The full text of § 1443 is as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>     (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>     (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Section 1443(2) does not apply to this case. See Greenwood v. Peacock, 384 U.S. 808, 815 (1966) (holding that "the history of § 1443 (2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties.")

lacks federal question jurisdiction. (Doc. No. 3-2.) Defendants do not oppose the motion, but Defendant Gregory Hagenah's notice of removal purports two grounds on which he based removal: under the civil rights removal statute and under the Court's general federal question jurisdiction. (Doc. No. 1, Notice of Removal.) The Court addresses these two grounds in turn.

### A. Removal Under 28 U.S.C. § 1443(1) Is Improper.

Defendant Gregory Hagenah's Notice of Removal asserts violation of 42 U.S.C. § 1983, (Doc. No. 1 at 2), the Fair Housing Act, (id.), the Fifth Amendment's Due Process Clause, (id. at 4), and the Fourteenth Amendment's Due Process and Equal Protection Clauses (id.). Defendant maintains that California state courts violate his civil rights because of the manner in which they administer eviction actions. Specifically, Defendant cites California Civil Code § 2924 as violating his right to equal protection of the laws, equal access to the courts, and due process. (Doc. No. 1 at 8 (citing 28 U.S.C. § 1443(1)).)

A petition for removal under § 1443(1) must satisfy the two-part test. Patel v. Del Taco, Inc., 446 F.3d 996, 998-999 (9th Cir. 2006) (citing Georgia v. Rachel, 384 U.S. 780, 788-92 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966)). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id. "Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." Rachel, 384 U.S. at 800.

Defendant has not met these criteria. He has not shown that there is a state law preventing him from raising his federal claims in state court, nor has he shown the basis

for an equally firm prediction that he will be unable to protect his federal rights in state court. Defendant's Notice of Removal cites California Civil Code § 2924, a state law provision relating to transfers in mortgage interests. See Cal. Civ. Code § 2924(a); see also Biancalana v. T.D. Service Co., 56 Cal. 4th 807, 813 (Cal. 2013) ("Civil Code sections 2924 through 2924k . . . govern nonjudicial foreclosure sales pursuant to a power of sale contained in a deed of trust.") But the uncontroverted record shows that the underlying state court case is one for unlawful detainer, not foreclosure, and accordingly Cal. Civ. Code § 2924 does not apply. (See Doc. No. 1-1, Ex. A, Compl.) Defendant does not carry his burden to demonstrate how a specific state law prohibits him from enforcing his civil rights in state court or why a state court would not enforce his civil rights. See Sandoval, 434 F.2d at 636. Accordingly, the Court concludes that Defendant's Notice of Removal fails to meet the requirements for § 1443(1) jurisdiction.

### B. Removal Under Federal Question Jurisdiction Is Improper.

Defendant also argues that the case is removable under the Court's federal question jurisdiction. (Doc. No. 1 at 8 (citing 28 U.S.C. § 1441).)

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the well-pleaded complaint rule, the plaintiff alleges a federal claim for relief. Vaden v. Discover Bank, 556 U.S. 49 (2009). The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint. See Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). Potential defenses or counterclaims under federal law do not give rise to removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 60-61 (2009) ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction."). The district court must remand if it lacks jurisdiction over the removed case. See Sparta Surgical Corp. v. Nat'l

Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998).

Here, Plaintiff's state court complaint presents only one cause of action. (See Doc. No. 1-1, Ex. A, Compl., at 6.) The complaint alleges one claim for unlawful detainer arising only under state law. See Wescom Credit Union v. Dudley, 2010 U.S. Dist. LEXIS 130517 (C.D. Cal. Nov. 22, 2010) (holding that "[a]n unlawful detainer action does not arise under federal law" (citing cases)). From the face of the complaint, no basis for federal question jurisdiction exists.

## Conclusion

Defendant Gregory Hagenah has failed to demonstrate that his case is removable as a civil rights case under 28 U.S.C. § 1443(1) or that the Court has original jurisdiction over Plaintiff's complaint under 28 U.S.C. § 1441. The Court grants Plaintiffs' motion to remand and remands the case to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

DATED: February 13, 2014

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT